# 15-2844(L)

Nos. 15-2847-bk (con) and 15-2848-bk (con)

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**IN RE: MOTORS LIQUIDATION COMPANY, *Debtor***

---

CELESTINE ELLIOTT, LAWRENCE ELLIOTT, BERENICE SUMMERVILLE,

*Creditors – Appellants – Cross Appellees,*

SESAY AND BLEDSOE PLAINTIFFS, IGNITION SWITCH PLAINTIFFS, IGNITION SWITCH PRE-CLOSING ACCIDENT PLAINTIFFS, DORIS POWLEDGE PHILLIPS,

*Appellants – Cross Appellees,*

GROMAN PLAINTIFFS,

*Appellants,*

V.

GENERAL MOTORS LLC,

*Appellee – Cross Appellant,*

WILMINGTON TRUST COMPANY,

*Trustee – Appellee – Cross Appellant,*

PARTICIPATING UNITHOLDERS

*Creditor – Appellee – Cross Appellant.*

---

ON DIRECT APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**THE *ELLIOTT*, *SESAY*, AND *BLEDSOE* PLAINTIFFS' OPPOSITION TO GENERAL MOTORS' MOTION TO STAY MANDATE**

Gary Peller (*pro hac vice*)
600 New Jersey Avenue, N.W.
Washington, D.C. 20001
(202) 662-9122
*Counsel for Creditors/Appellants/Cross-Appellees*

September 29, 2016

Celestine Elliott, Lawrence Elliott, Berenice Summerville, and the *Sesay* and *Bledsoe* Plaintiffs ("Plaintiffs") file this response in opposition to General Motors LLC's motion to stay issuance of the mandate pending the filing and disposition of a petition for writ of certiorari.[1]

General Motors LLC's motion to stay the mandate should be denied. Federal Rule of Appellate Procedure 41(d)(2)(A) allows for a stay of the mandate pending a petition for certiorari only where the petition "would present a substantial question and . . . there is good cause for a stay." *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d 148, 152 (2d Cir. 2007).

The showing required is a strict one. *See Nara v. Frank*, 494 F.3d 1132, 1133 (3d Cir. 2007) (stay available only in "exceptional cases"). Where a movant makes the required showing, the court's decision to grant a stay is a matter of discretion. *Khulumani v. Barclay Nat'l Bank Ltd.*, 509 F.3d at 152, *citing* 20A Moore's Federal Practice § 341.14 (3d ed. 1997).

## I. PRELIMINARY STATEMENT

On July 13, 2016, the Panel affirmed in part, reversed in part, and vacated in part the Judgment of the Bankruptcy Court, and remanded the case for further

[1] Motion to Stay Issuance of the Mandate by Appellee-Cross-Appellant General Motors LLC, Doc. No 446.

proceedings. *Elliott v. General Motors LLC (In re Motors Liquidation Co.)*, 829 F.3d 135, 2016 U.S. App. LEXIS 12848 (2d Cir., July 13, 2016).

The Panel held that the Bankruptcy Code's provisions for a "free and clear sale," 11 U.S.C. §363(f), do not authorize Bankruptcy Court to enjoin *future* claims that had not yet arisen at the time of the sale, nor to enjoin claims arising before the sale if parties holding such claims did not receive constitutionally sufficient notice of the sale.

The Panel reversed the Bankruptcy Court's Judgment purporting to enjoin certain Plaintiffs from asserting claims against purchaser General Motors LLC for its own, post-sale wrongdoing ("Independent Claims"), and reversed those parts of the Bankruptcy Court's Judgment purporting to enjoin any claims of those who purchased their GM vehicles after the Sale ("post-sale purchasers"). *Id*. at 43. The Panel affirmed the Bankruptcy Court's Judgment that plaintiffs who purchased their vehicles pre-Sale and assert claims relating to certain ignition switch defects in their vehicles could not be enjoined under the Sale Order because they had not been accorded actual notice of the sale, despite the fact that General Motors LLC's predecessor, General Motors Corporation, had known of the ignition switch defect and therefore pre-Sale purchasers owning vehicles containing the ignition switch defect were "known creditors" entitled to actual notice . *Id*. at 66-67. Finally, the Court vacated the Bankruptcy Court's Judgment purporting to enjoin plaintiffs who

purchased their cars pre-Sale from asserting claims relating to *non-ignition* switch defects, and remanded for a determination whether Old GM had also known about those non-ignition switch claims, rendering such purchasers “known ceditors” entitled to actual notice. *Id*. On September 14, 2016, this Court denied General Motors LLC's motion for rehearing or rehearing *en banc*. Doc. No. 443.

## II. GENERAL MOTORS LLC PRESENTS NO SUBSTANTIAL QUESTION OF LAW

General Motors LLC presents no substantial question of law.

First, General Motors LLC makes no mention of the Panel's ruling regarding the non-applicability of § 363 to Independent Claims and to the claims of post-sale purchasers. The Panel's treatment of those claims consisted of an unremarkable application of straight-forward principles of bankruptcy law--bankruptcy courts are authorized to exercise jurisdiction exclusively over "claims" against the bankrupt's estate. Future claims which, by definition, had not yet arisen cannot be claims against the debtor’s estate, and therefore they are beyond the scope of the bankruptcy code. Accordingly, the free and clear sale of General Motors Corporation's assets could not encompass Independent Claims against General Motors LLC for its own, post-sale wrongdoing, nor the claims of post-sale purchasers of GM vehicles who held no claims against General Motor’s Corporation at the time of the asset sale. *Elliott v. General Motors* at 35-44. Because General Motors LLC's motion to stay the mandate says nothing about any

of these future claims should be permitted to go forward without delay.

Second, the only part of the Panel's ruling that General Motors LLC does contest is the Panel’s holding that pre-sale purchasers of GM vehicles cannot be barred by a Sale Order entered in the absence of constitutionally required notice of the Sale. But there is no reasonable ground for disagreement with the straightforward and well-established principles applied by the Panel. All authorities agree that due process requires that a “known creditor” is entitled to actual notice of a free and clear sale. The Bankruptcy Court found that General Motors Corporation knew of the ignition switch defect prior to the Sale, and therefore pre-Sale purchasers of vehicles containing the defect were “known creditors” who were entitled to but did not receive actual notice of the Sale. Similarly, if other pre-Sale purchasers are able to show that General Motors Corporation knew of the non-ignition switch defects of which they complain, then they were also “known creditors” entitled to actual notice before their claims could be barred, determinations that the Panel’s opinion contemplates will be considered on remand. *Id*. at 66-67.

General Motors LLC asserts that a substantial question will be presented in their petition for Supreme Court review because the Panel imposed due process notice requirements “above and beyond what the Bankruptcy Code requires." Motion at 4. But that assertion misrepresents the Panel’s holding. The Panel simply

held, in line with well-established law, that "known creditors" are entitled to actual notice. Since General Motors knew of the ignition switch defect, pre-Sale purchasers of such vehicles were "known creditors," and General Motors LLC has never contended that they were provided the actual notice to which such known creditors are entitled. If General Motors Corporation also knew of other defects in the vehicles of pre-Sale purchasers, then, as the Panel held, those purchasers were also "known creditors" whose claims could not be barred in the absence of actual notice. These are basic Bankruptcy principles that decidedly do not present any substantial questions of law. The Panel applied the usual notice requirements that bankruptcy courts apply every day. General Motors LLC's argument that the Panel somehow added onerous new notice requirements to inform creditors of the "details of their potential claims," *id.*, is without merit.

General Motors LLC's contends that Plaintiffs' claims should nevertheless be barred because the seller, General Motors Corporation, rather the buyer, General Motors LLC, failed to provide the requisite actual notice to Plaintiffs of the Sale. But General Motors LLC confuses interests in the finality of the Sale with the separate question whether the claims of particular creditors can be barred. It is textbook law that a party who did not receive notice of and an opportunity to be heard in proceedings cannot have their claims foreclosed by such proceedings. It is a straightforward question of *preclusion*, having nothing to do with the "finality"

of the asset sale. The authorities cited by General Motors LLC are accordingly irrelevant. The issues resolved by the Panel involved the *scope* of the sale order, in terms of the claims it encompassed and the parties it precluded. The Panel's decision did not affect the finality of the sale order.

Notably, General Motors LLC has failed to provide a single authority to support its contention that the Panel's decision broke any new ground, in either bankruptcy or procedural due process law.

## III. CONCLUSION

General Motors LLC has successfully delayed judicial consideration of Plaintiffs' claims for over two years. It presents no substantial question of law that calls into question the Panel's well-considered ruling. There is no ground for further delay, and the motion to stay issuance of the mandate should be denied.

Respectfully submitted,

*/s/ Gary Peller* (*pro hac vice)*

Gary Peller
Counsel for the *Elliott*, *Sesay* and
*Bledsoe* Plaintiffs
600 New Jersey Ave., N.W.
Washington, DC 20001
(202) 662-9122
peller@law.georgetown.edu

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and this Court's Briefing Order (Dkt. 175 at 2) because this brief contains 3491words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word 2015 in Times New Roman 14-point type.

*/s/ Gary Peller*_(*pro hac vice*)
Gary Peller
Counsel for the *Elliott*, *Sesay* and *Bledsoe* Plaintiffs
600 New Jersey Ave. NW
Washington, DC 20001
(202) 662-9122
peller@law.georgetown.edu